# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1344 | **DATE** | 8/17/2012 |
| **CASE TITLE** | Gresham-Walls vs. Brown | | |

**DOCKET ENTRY TEXT**

For the following reasons, Defendant's Motion to Dismiss [DKT 24] is converted to a motion for partial summary judgment, and granted in part and denied in part. Status hearing set for 9/12/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. Background

Plaintiff Cynthia Gresham-Walls sues her former employer, Dorothy Brown, Clerk of the Circuit Court of Cook County in her official capacity for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Family Medical Leave Act ("FMLA"). Plaintiff alleges that she is legally disabled by her Generalized Anxiety Disorder, Major Depressive Disorder, and Conversion disorder (which causes her to lose her voice during periods of extreme anxiety).

Briefly, Plaintiff alleges that she worked for Defendant from 1998-2009. On August 18, 2008, she experienced a panic attack and lost her ability to speak; paramedics were called but Plaintiff evidently did not go to the hospital. Thereafter, she received a letter stating that because a recurring condition may be impairing her ability to perform her job, she needed a medical examination to determine fitness to retain her position. She was cleared to return to work on October 15, 2008 (remaining on FMLA leave until that time). She contends that after she returned, she was assigned to the traffic division, at which point her workload increased. She claims that she discussed her condition with her supervisor, Beena Patel, in July 2009, and asked for an accommodation in the form of reallocating some of her "marginal duties" to other employees. Plaintiff argues that she did not receive that accommodation, nor did her employer engage in any interactive process to assess what accommodations might be available.

On October 15, 2009, Plaintiff was taken from work to the hospital after experiencing another panic attack and again losing her voice. On or around October 28, 2009, she claims that she requested intermittent FMLA leave (from November 17, 2009 to May 15, 2010) to permit her to seek counseling for her condition. That request was approved. Plaintiff experienced another attack on February 22, 2010, and evidently suffered a prolonged period of lost speech, which rendered her unable to return to work until March 10, 2010. Patel allegedly signed off on Plaintiff's request to return to work on March 10, 2010. Plaintiff was terminated

without warning on April 2, 2010. She was told that she was terminated because she was at-wIll, and her services were no longer needed.

Plaintiff attached to her Complaint her complaint form for the Illinois Department of Human Rights ("IDHR"), which, it appears undisputed, simultaneously functions as a complaint with the EEOC. *Cf. Davis v. Metropolitan Pier & Exposition Authority*, No. 11 C 9018, 2012 WL 2576356, at *9 (N.D. Ill. July 3, 2012)(describing the IDHR-EEOC workshare agreement). The Complaint lists the respondent as the Circuit Court of Cook County, not its Clerk. Plaintiff received a notice of right to sue from the IDHR on July 14, 2011, and a right to sue letter from the EEOC on December 9, 2011. In the complaint, she alleges that she was discharged based on her mental disability, and that her "disability is unrelated to [her] ability to perform the essential functions of [her] job duties with or without a reasonable accommodation." See Compl., Ex. A, at 1-2.

Plaintiff filed suit against the Circuit Court of Cook County on February 27, 2012, and then filed an amended complaint on May 7, naming Dorothy Brown as the Defendant. Plaintiff then filed a second amended complaint to correct typographical errors which continued to describe the original, rather than current, Defendant.

## II. Discussion

Defendant now moves to dismiss some of Plaintiff's claims. First, she moves to dismiss on the grounds that Dorothy Brown was not identified as the respondent in the underlying IDHR/EEOC charge, and therefore lacked notice of the charge or an opportunity for conciliation. Furthermore, Defendant seeks to dismiss Plaintiff's failure-to-accommodate claim under the ADA, also on the grounds that it was not listed in the IDHR/EEOC charge, nor is it "like, or reasonably related to" the listed charge. (In her reply, Defendant argues that Plaintiff failed to establish a *prima facie* case under the Rehabilitation Act; raised for the first time in the reply, however, that argument is waived for the purposes of this motion.) The Court considers each of Defendant's grounds for dismissal in turn.

### A. Failure to name Brown in IDHR/EEOC charge

Ordinarily, an ADA charge, even if it is administratively exhausted, may not proceed against a defendant who is not named in that charge. *See Easton v. College of Lake County,* 584 F. Supp. 2d 1069, 1076 (N.D. Ill. 2008). However, an exception exists: if the party not named in the charge had notice of the charge and an opportunity to participate in conciliation, the case may proceed. *See Malone v. Illinois Dept. of Corrections,* No. 05 C 4309, 2009 WL 2982816, at *2 (N.D. Ill. Sept. 14, 2009) *citing, inter alia, Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir.1981).

Plaintiff contends that a review of the complaint and its exhibits demonstrates that the suit should be able to proceed against Dorothy Brown, but alternatively attaches the IDHR Investigation Report and requests a summary judgment ruling on this narrow issue. *See* Fed. R. Civ. P 12(d). Defendant does not appear to object to converting the motion *See* Def.'s Reply, 5 (arguing that the IDHR Investigation Report cuts against Plaintiff.) The Court disagrees with Plaintiff that the Complaint and Exhibit resolve the issue in Plaintiff's favor, and so converts motion to one for partial summary judgment.

The IDHR Investigation Report clearly lists the Clerk of the Circuit Court of Cook County as the respondent, and indicates that a number (though not all) of Plaintiff's superiors were in fact interviewed in relation to Plaintiff's charge. These individuals included John Chatz (who terminated Plaintiff), Beena Patel, and others. In light of the IDHR report, the Court finds Defendant's contention that she was not given notice

| STATEMENT |
|---|

or opportunity to conciliate this charge to be manifestly insupportable, regardless of the fact that only the Circuit Court was originally listed on the IDHR/EEOC charge, and that her office is not a subdivision of the Court. *See Easton,* 584 F. Supp. 2d at 1076 (finding that a college's Board would, at the motion to dismiss phase, be held to have notice of EEOC complaints filed against the College.) Defendant is sued in her official capacity, and her office and its employees were obviously involved in the investigation process regarding this complaint. There is no allegation that they could not adequately represent Defendant's official interests in the matter. *See Malone,* 2009 WL 2982816, at *2 (Discussing the factors that affect whether failure to name a party can be excused, including whether the EEOC respondent adequately represented the Defendant's interests, and whether the Defendant was prejudiced by not being named as a respondent). Defendant's motion, as converted to one for summary judgment, is denied.

### B. Exhaustion of Reasonable Accommodation Claim

Plaintiff fares less well, however, with regard to her ADA reasonable accommodation claim. Even if a plaintiff does not specify a particular claim in her EEOC charge, she may litigate those claims "like or reasonably related to" claims listed in the charge, and those which "grow out of" listed allegations. *Teal v. Potter*, 559 F.3d 687, 691-92 (7th Cir. 2009) (discussing Title VII). That is a liberal standard, which is satisfied "if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id.* at 692.

Candidly speaking, Plaintiff's complaint is not entirely clear as to whether the reasonable accommodation claim is based on Plaintiff's termination, the alleged failure to accommodate her disability after her discussion with Patel in July, 2009, or both. However, the IDHR/EEOC charge is clearly and explicitly predicated on Plaintiff's termination and not on any alleged previous failure to accommodate her condition – the discussion with Patel is nowhere mentioned.

Turning to the IDHR Investigation Report, it does mention that Plaintiff believed that she and Patel agreed that when Plaintiff lost her voice, she would not answer the phone could perform her other job duties. Patel evidently disputed that such agreement had taken place. To the extent that Patel's alleged failure to accommodate Plaintiff arose in the original investigation, therefore, it appears that it arose only in the context of Plaintiff's claim that there was an accommodation agreement in place; there would have been no reason for the failure to accommodate claim to have grown from that investigation. The Investigation Report clearly focused on Plaintiff's articulated charge — that she was fired because of her disability. There is no mention of a conversation in July, 2009 anywhere in the charge or the Investigation Report. Accordingly, although some of the actors are indisputably the same, to the extent that Plaintiff seeks to bring a failure to accommodate claim based on the 2009 conversation with Patel, that claim was not adequately presented to the IDHR — nor is it "like" the listed charge.

Plaintiff contends that because ADA and Illinois Human Rights Act both require employers to reasonably accommodate employees with disabilities, every discrimination claim contains an implicit reasonable accommodation claim. Plaintiff is generally correct that failure to accommodate an employee, absent an undue burden, is one form of discrimination under the ADA. But the Court cannot agree that any claim of discrimination, including Plaintiff's charge that she was discharged on the basis of her disability, necessarily includes a reasonable accommodation claim. The law of this circuit is to the contrary, particularly where, as here, the claims are factually and temporally distinct. *Green v. National Steel Corp., Midwest Div.*,

| STATEMENT |
|---|

197 F.3d 894, 898 (7th Cir.1999)("[A] failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA…. Therefore, they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability.")(citations omitted). Accordingly, at least insofar as Plaintiff seeks to bring a failure to accommodate claim based on her 2009 conversation with Patel, summary judgment in favor of Defendant on the exhaustion issue is appropriate. *See id.* Plaintiff is correct, however, that her Rehabilitation Act claim need not have been exhausted. *See Maxwell v. South Bend Work Release Ctr.*, No. 3:09–CV–008–PPS, 2011 WL 4688825, at *6 (N.D. Ind. Oct. 3, 2011).

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss, as converted to a motion for summary judgment, is denied with regard to the claim that Dorothy Brown was not named in the EEOC complaint. It is granted as to Plaintiff's failure to exhaust her ADA reasonable accommodation claim, at least insofar as it was predicated on Plaintiff's alleged 2009 request for accommodation from Patel.